IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-94 |
| | ) | |
| JEAN T. GUMP, | ) | (GUYTON) |
| ELIZABETH ANN LENTSCH, | ) | |
| BRADFORD J. LYTTLE, | ) | |
| WILLIAM JEROME BICHSEL, | ) | |
| DAVID L. CORCORAN, | ) | |
| BONNIE L. URFER, | ) | |
| CAROL SUE GILBERT, | ) | |
| ARDETH PLATTE, | ) | |
| JAQUELINE MARIE HUDSON, | ) | |
| PAULA E. ROSDATTER, | ) | |
| MICHAEL WALLI, | ) | |
| STEVE J. BAGGARLY, and | ) | |
| DENNIS DUVALL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on September 8, 2010, for a scheduled pretrial conference and motion hearing. Assistant United States Attorneys Jeffrey T. Theodore and Melissa M. Millican appeared on behalf of the Government. Attorney Francis L. Lloyd, Jr., represented Defendant Jean T. Gump. Attorney John E. Eldridge appeared on behalf of Defendant Elizabeth Lentsch. Attorney Kim A. Tollison represented Defendant Bradford J. Lyttle. Attorney Mike Whalen represented Defendant William Jerome Bichsel. Attorney Karmen L. Waters appeared for Defendant David L. Corcoran. Attorney Donny M. Young represented Defendant Bonnie L. Urfer. Attorney Angela Morelock appeared on behalf of Carol Sue Gilbert. Attorney Eric M. Lutton

1

represented Defendant Ardeth Platte. Attorney Bradley L. Henry represented Jacqueline Marie Hudson. Attorney Wayne Stambaugh appeared for Defendant Paula E. Rosdatter. Attorney Christopher Scott Irwin represented Defendant Michael Walli. Defendant Steve J. Baggarly represented himself and appeared by telephone with the Court's permission. Attorney Robert R. Kurtz, who represents Defendant Dennis DuVall, was excused from the hearing but sent a member of his staff to aid in scheduling. The Court permitted all the Defendants, with the exception of Mr. Baggarly, to waive their presence at the hearing.

After arraigning Mr. Baggarly on the Information [Doc. 9],[1] the Court took up Defendant Lyttle's [Doc. 27] and Defendant DuVall's [Doc. 29] Motions to Continue the September 14, 2010 trial date. Both of these Defendants are required to be in Nevada for a court appearance on that day. Moreover, both contend that additional time is needed to litigate motions necessary for their defense. The Court permitted [Doc. 51] Defendants Bichsel and Gilbert to adopt the Motions to Continue. The Court also permitted [Doc. 51] Defendants Corcoran, Rosdatter, and Walli to join in these motions. Defendants Gump [Doc. 30], Lentsch [Doc. 31], and Hudson [Doc. 33] have responded that they do not object to the requested continuance. Defendant Platte joined in the motions at the September 8 hearing. Defendant Baggarly stated that he did not object to the requested continuance. Counsel for Defendant Urfer stated that she intended to change her plea and did not join in the motions.

The motions to continue argue that the ends of justice served by continuing the trial outweigh the best interest of the public and the Defendants in a speedy trial. None of the Defendants

---

[1] All other Defendants filed Rule 10 waivers [Docs. 12, 13, 14, 15, 16, 18, 20, 21, 22, 23, 28, and 35] by the August 12, 2010 deadline.

objected to waiving their speedy trial rights for the purpose of this continuance. The parties agreed to a new trial date of **January 11, 2010**. Defendant Urfer agreed to a change of plea hearing on **October 12, 2010, at 10:00 a.m.**

Attorney Whalen requested a hearing on the Motion to Dismiss the Information [Doc. 38], filed by Defendant Bichsel and adopted [Docs. 40, 41, 42, 43, 44, 45, 47, 49, 50, 53, and 55] by all of the Defendants, with the exception of Defendant Urfer. Mr. Whalen also requested forty-five days to arrange for expert testimony on the motion. All of the Defendants' motions [**Docs. 40, 41, 42, 43, 44, 45, 47, 49, 50, 53, and 55**] to adopt the motion to dismiss are **GRANTED**.[2] The Court set a hearing on the motion to dismiss on **November 12, 2010, at 1:30 p.m.** The Court also gave Mr. Whalen permission to substitute a corrected copy of the motion to dismiss [Doc. 38] and the supporting legal memorandum [Doc. 39] to correct some clerical errors so long as the corrections did not change the substance of the motion.

The Court finds the Defendants' motions [**Docs. 27 and 29**] to continue the September 14, 2010 trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, Defendants Lyttle and DuVall are required to be in court in Nevada on that

---

[2]The Court notes that *pro se* Defendant Baggarly also filed a Defendant's Motion to Extend Motions Deadline [Doc. 54], asking that the Court extend the "deadline for adopting motions" to permit him to file his motion to adopt Defendant Bichsel's motion to dismiss. The motion to extend the deadline, filed on September 1, 2010, states that Defendant Baggarly only received the motion to dismiss recently. The Court observes that the motion to dismiss was filed on the motion deadline of August 12, 2010. Because the Defendant is representing himself and relying on the postal service to receive copies of motions and other filings, the Court finds good cause to accept the late-filed motion to adopt Bichsel's motion to dismiss out of time. See Fed. R. Crim. P. 12(e). Accordingly, Defendant Baggarly's Motion to Extend Motions Deadline [**Doc. 54**] is **GRANTED in part** to the extent that his motion to adopt [Doc. 55] is accepted but is **DENIED** with regard to other pretrial motions not mentioned.

date.  To require them to also appear in the Eastern District of Tennessee on September 14, 2010, would be to ask the impossible.  See 18 U.S.C. § 3161(h)(7)(B)(i) (permitting an ends of justice continuance when the failure to grant same would make a proceeding impossible).  Additionally, the Defendants have filed a Motion to Dismiss the Information [Doc. 38] to which the Government has responded [Doc. 56].  See 18 U.S.C. § 3161(h)(1)(D) (excluding the time during which a motion is pending).  They also request at least forty-five days to arrange for an expert or experts to testify with regard to this motion.  The Court will need time to hear and rule upon the motion.  See 18 U.S.C. § 3161(h)(1)(H).  Thus, the Court finds that the Defendants' motion is of such a nature that the time required to determine the issues creates excludable time.  See United States v. Tinklenberg, 579 F.3d 589, 598 (6th Cir. 2009) ("hold[ing] that a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time").

Additionally, the Court will need to rule upon the Government's motion [Doc. 57] to exclude certain defenses.  The failure to grant a continuance would deprive the parties of time to secure a rulings on the pretrial motions and to prepare for trial in light of those rulings.  The Court finds that all of this could not take place before the September 14, 2010 trial date or in less than four months.  Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendants' Motions to Continue [**Docs. 27 and 29**] the trial are **GRANTED**, and the trial of this matter is reset to **January 11, 2011**.  The Court also finds that all the time between the filing of the Motions to Continue on August 12, 2010, and the new trial date of January 11, 2011, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(D), -(H), & -(h)(7)(A)-(B).  With regard to other scheduling in

4

the case, the deadline for the Defendants to respond to the Government's Motion To Preclude Defendants from Introducing Evidence in Support of Certain Justification Defenses [Doc. 57] is **September 17, 2010**. The Court instructs the parties that all motions *in limine* must be filed no later than **January 3, 2011**. Special requests for jury instructions are also due on **January 3, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4. The deadline for concluding plea negotiations is **January 4, 2011**.

Accordingly, it is **ORDERED**:

(1) The Defendants' motions [**Docs. 27 and 29**] to continue the September 14, 2010 trial are **GRANTED**;

(2) The trial of this matter is reset to commence on **January 11, 2011**, **at 9:00 a.m.**, before the undersigned;

(3) All time between the filing of the Motions to Continue on **August 12, 2010**, and the new trial date of **January 11, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Urfer will appear before the undersigned for a change of plea hearing on **October 12, 2010, at 10:00 a.m.**;

(5) Defendant Steve J. Baggarly's Motion to Extend Motions Deadline [**Doc. 54**] is **GRANTED in part** in that his motion to adopt [Doc. 55] is accepted but is **DENIED** with regard to any other pretrial motions not mentioned;

(6) All of the Defendants' motions [**Docs. 40, 41, 42, 43, 44, 45, 47, 49, 50, 53, and 55**] to adopt the motion to dismiss are **GRANTED**;

(7) The Court will hold a motion hearing on the Defendants' Motion to Dismiss the Information [Doc. 38] on **November 12, 2010, at 1:30 p.m.**;

(8) The deadline for the Defendants to respond to the Government's Motion To Preclude Defendants from Introducing Evidence in Support of Certain Justification Defenses [Doc. 57] is **September 17, 2010**;

5

(9) All motions *in limine* and special requests for jury instructions must be filed no later than **January 3, 2011**; and

(10) The deadline for concluding plea negotiations is **January 4, 2011**.

**IT IS SO ORDERED.**

        ENTER:

         s/ H. Bruce Guyton
        United States Magistrate Judge